

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 20, 1949.

Hon. Elton Gilliland
County Attorney
Howard County
Big Spring, Texas

Opinion No. V-855.

Re: The mandatory or permissive
nature of Article VIII, S.B.
116, 51st Legislature, rela-
tive to the consolidation of
dormant school districts with
adjoining districts by county
boards of school trustees.

Dear Sir:

Your inquiry reads in substance:

The first sentence of Article VIII of S.
B. 116, 51st Legislature, Acts 1949, provides:

"Within (30) thirty days from the effect-
ive date of this Act, the County Board
of Trustees of the several counties of
the State are hereby authorized and re-
quired to consolidate by order of said
Board each dormant school district with-
in the county (as herein defined) with
an adjoining district or districts."

Question: Are these quoted provisions manda-
tory or permissive in nature?

Other provisions of said Article VIII are per-
tinent to your inquiry and necessarily must be considered
in arriving at a proper construction of the Act. Follow-
ing the first sentence above quoted, Article VIII pro-
vides in part:

" . . . The term 'dormant' as used here-
in shall mean any school district that fails
for any two (2) successive years subsequent
to 1946-1947 school year, to operate a school
in the district for the race having the great-
est number of enumerated scholastics in the
district. . . .

"If a county line district is or becomes dormant, as herein defined, the provisions of this Act shall apply and be followed by the several counties affected to the extent of the territory in each respective county."

It should be noted that Senate Bills 115, 116, and 117 are designed collectively to provide a comprehensive and more efficient method of State administration of its public free schools, to guarantee to each child of school age in Texas the availability of a minimum Foundation School Program set up in S.B. 116, and to finance this program from sources set out in Article VI of S.B. 116 and State monies provided in S.B. 117.

Article VI of S.B. 116 provides that each local school district of this State is charged with a contribution to the support and financing of its local school program in accordance with these comprehensive laws. It also provides the procedure for the determination of such amounts. In the enactment of this Foundation School Program, the Legislature was aware of the existence of so-called "dormant" school districts, which exist as legal and original entities, having a local school board, but which do not operate a school. Article VIII of S.B. 116 so indicates.

Had the Legislature in Article VIII merely authorized consolidation action by county board order and not in addition thereto "required" such action, then possibly the entire authority so granted would be discretionary or permissive in nature rather than mandatory. However, with respect to dormant districts the Legislature has not only "authorized" but has "required" the county board of trustees of the several counties to consolidate "by order of the board" each such defined dormant district within its county with an adjoining district or districts.

Webster defines "require" to mean (1) to demand; (2) to render necessary as a duty; (3) to request; (4) to make necessary, to command. In Huey v. Waldrop, 37 So. 380, 381 (Ala. Sup. 1904), it was held that the word "required" as used in an Act providing that the city authorities in cities of 5,000 inhabitants or more are "hereby authorized, empowered, and 'required'" to adopt such ordinances as would be necessary to prevent

stock from running at large is equivalent to "commanded" and is mandatory on the city authorities of the cities and towns to which it applies. Other authorities giving mandatory effect to use of words "require" and "required" are cited in 37 Words & Phrases (Perm. Ed.) 90-102. In its Opinion No. V-293, this office advised that the use of the words "are authorized and directed" in H.B. 501, Acts 1947, when considered with the purpose of the whole Act, made the provisions thereof mandatory.

The primary purpose of this Article is to require consolidation of any dormant district as therein defined. It intended to provide a more efficient handling of finances of local school districts under the new financial plan of the minimum Foundation School Program, to eliminate dormant school districts, and to obviate circuitous dispositions of school funds.

Statutes which regulate and prescribe the time in which public officers shall perform specified duties are generally regarded as directory. The rule is well stated in 2 Sutherland's Statutory Construction (2d Ed.) 1117, Section 612.

"Provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory. Though a statute directs a thing to be done at a particular time, it does not necessarily follow that it may not be done afterwards. In other words, as the cases universally hold, a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer."

Again this same author observes, in section 611, p. 1114:

"Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey the rights of those interested will not be prejudiced, are not commonly

> to be regarded as mandatory; and if the act is
> performed, but not in the time or in the pre-
> cise mode indicated, it will still be suffi-
> cient, if that which is done accomplishes the
> substantial purpose of the statute."

Or, as stated in 39 Texas Jurisprudence 38,
Statutes, Section 16, "a statute authorizing or command-
ing an act to be performed or a thing to be done, a pro-
vision as to time is usually regarded as directory; that
is, it does not necessarily follow that a thing which a
statute directs to be done at a particular time may not
be done afterwards. Nor is it implied that an act, for
which an act affirmatively provides, will be ineffectual
if it is done at a different time than that prescribed."
City of Uvalde v. Burney, 145 S.W. 311 (Tex. Civ. App.
1912); Federal Crude Oil Co. v. Yount-Lee Oil Co., 122
Tex. 21, 52 S.W.2d 56 (1932); Markowsky v. Newman, 134
Tex. 440, 136 S.W.2d 808 (1940); Thomas v. Groebl, 212
S.W.2d 625 (Tex. Sup. 1948).

Thus the provision in Article VIII prescribing
time "within thirty (30) days from the effective date of
this Act" should be regarded as directory and not as a
limitation on the consolidation power granted the county
school boards therein. This construction enables the
act to accomplish its full purpose and expresses what we
think the Legislature intended.

If the Legislature had intended to limit the
power of such boards to 30 days, it could have readily
done so by adding the negative mandatory words "and not
thereafter." Further, the fact that the Legislature de-
fined "dormant" to apply to any school district that
fails for any two successive years subsequent to 1946-
1947 school year implies that the power of the county
boards to consolidate thereunder shall continue beyond
the thirty days from the effective date of S.B. 116.
(For a construction of the definition of "dormant" see
Opinion No. V-856, a copy of which is attached.) If the
Legislature intended the provision to apply only to
school districts dormant in the school years 1947-1948
and 1948-1949, it would have clearly and expressly so
provided. Again, in support of the proposition that the
consolidation power of such boards is a continuing one,
we quote the third paragraph of Article III of S.B. 116
which reads:

"Provided further, that any school district which is not a dormant school district as defined in Article VIII of this Act may, subject to the approval of the boards of trustees of the districts concerned, the County School Superintendent, and the State Commissioner of Education, contract for a period of one year to transfer its entire scholastic enrollment, both white and colored, to a contiguous district. The scholastic census rolls of both districts shall be combined, the per capita apportionment shall be paid direct to the receiving school, and the combined average daily attendance shall be used in determining the number of professional units for which the receiving district shall be eligible."

Under this provision it seems clear that a school district may become dormant for a period of one year, but if for two successive years, it becomes subject to the provisions of Article VIII, S.B. 116.

It is, therefore, our opinion that the use and meaning of the words "authorized and required" in Article VIII of S.B. 116, when considered along with the whole tenor and purpose of the bill of which it is a part, renders mandatory the quoted first sentence of the first paragraph of Article VIII, concerning consolidation of certain dormant districts as therein defined. However, the words "within thirty (30) days from the effective date of this Act" should be regarded as directory and not as a limitation on the power therein given to the county school boards to act thereafter if they have failed to do so within the 30 day period.

We have considered also Section 5 of Article VII, S.B. 115, Acts 1949, to determine whether that section conflicts with consolidation provisions of Article VIII of S.B. 116 herein quoted and construed. Section 5 of Article VII provides:

"No provision in this Act shall be interpreted to give to the State Board of Education, the State Department of Education, the State Commissioner of Education, or anyone whomsoever, the power to close, to consolidate, or cause by regulation or rule to

be closed or consolidated, any Independent or Common School District in this State. It is the express purpose of this Act that the General laws as they now exist in regard to consolidation or otherwise closing of school districts of this State shall continue in full force and effect." (Underscoring ours.)

S.B. 115 is concerned with the public school officials and offices on the State level, their creation, authority, and duties. Further, the words "or anyone whomsoever" as employed in Section 5 of Article VII under the doctrine of _ejusdem generis_ apply only to State administration officials covered by that Act and not to members of the county board of school trustees.

Therefore, the above provisions of Section 5 of Article VII of S.B. 115 are not applicable to, nor do they conflict with, the authority granted county boards of school trustees in Article VIII of S.B. 116.

## SUMMARY

The first sentence in the first paragraph of Article VIII of S.B. 116, 51st Leg., 1949, regarding the consolidation by order of county school boards of dormant school districts as defined in Article VIII, is mandatory in nature. The words "within thirty (30) days from the effective date of this Act" should be regarded as directory and not as a limitation on the power therein given to the county school board.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

_Price Daniel_

ATTORNEY GENERAL

By

_Chester E. Ollison_

Chester E. Ollison
Assistant

CEO:bh